## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **KODZO KOKOU APEDZI** | **CIVIL ACTION** |
| v. | |
| **J.L. JAMISON**, *et al.* | **No. 26-4159** |

## <u>ORDER</u>

**AND NOW**, this 18th day of June, 2026, upon consideration of the petition for a writ of habeas corpus, and the response thereto, it is hereby **ORDERED** as follows:

1. The petition (ECF 1) is **GRANTED** for the reasons in the accompanying memorandum.

2. Respondents shall **IMMEDIATELY RELEASE** Apedzi from custody and certify compliance with this Order by a filing on the docket **on June 19, 2026**, regarding Apedzi's custody status. Respondents shall return to Apedzi immediately upon his release all personal belongings confiscated upon or during his detention, including his identification documents.

3. Respondents are **ENJOINED** for a period of seven days following Apedzi's release from custody pursuant to this order from detaining Apedzi based on the same putative legal bases for his present arrest and detention, which is to say under 8 U.S.C. §§ 1225 or 1226.[*]

---

[*] Apedzi is not subject to mandatory detention under 8 U.S.C. § 1225. If Apedzi is not released from custody because he is otherwise detained, for instance on a criminal or civil commitment, then the seven-day period begins on the date of the lifting of detainers related to his immigration detention under §§ 1225 and 1226.

4.  If the government seeks to detain Apedzi after the period of seven days, it must provide him with a bond hearing within 48 hours of his detention. If no bond hearing is provided within 48 hours, Apedzi's remedy will recur.

5.  The Clerk is **DIRECTED** to close this case.

**BY THE COURT:**

*/s/ Catherine Henry*

**CATHERINE HENRY, J.**
